UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IN THE EX PARTE MATTER OF:<br><br><br><br>THOMAS PRINS | Case No. 3:24-mc-05006-TMC<br><br>ORDER UNSEALING CASE AND VACATING TEMPORARY INJUNCTION |

### I. INTRODUCTION

The United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") brought this action to seek an order allowing involuntary medical testing and hydration for Thomas Prins, a detainee at the Northwest ICE Processing Center in Tacoma, Washington who was engaged in a hunger strike. Before the Court are (1) its Order to show cause why this case should be classified as a miscellaneous action and why the Court should keep this matter under seal (Dkt. 4 at 4); and (2) ICE's May 28, 2024 motion to vacate the temporary injunctions entered by the Court and its notice of voluntary dismissal of the case. Dkt. 22. The Court GRANTS ICE's motion and ORDERS that: (1) the temporary injunction (*see* Dkt. 4, 8, 14) in this matter is vacated, and the pending motions for injunctive relief (Dkt. 5, 12) are DENIED as moot; (2) the Clerk is directed to SEAL individual docket entries in this case as set

ORDER UNSEALING CASE AND VACATING TEMPORARY INJUNCTION - 1

forth in detail below; (3) after sealing the individual docket entries, the Clerk is directed to UNSEAL the case file and close the case; (4) after the case file is unsealed, counsel are directed to file their previously agreed redacted versions of the sealed docket entries.

## II.   BACKGROUND

On April 26, 2024, ICE filed this miscellaneous action with an ex parte motion (Dkt. 1) for an order permitting ICE to immediately provide involuntary medical monitoring, testing, and physical examinations to Prins. At the time, Prins had been on a hunger strike for four weeks. *See* Dkt. 1 at 2. The Court construed ICE's motion as a motion for a temporary restraining order over which it would have jurisdiction under 28 U.S.C. § 1345. Dkt. 4 at 2.

In the interest of avoiding delay that could endanger Prins's life, the Court granted ICE's motion the same day and specified the permitted medical intervention to be authorized until May 6, 2024 (Dkt. 4). The Court also required ICE to file a motion for temporary restraining order or preliminary injunction by May 3, 2024, that would identify and explain the basis for the Court's jurisdiction, the legal standard applicable to this case, the length of time for which any injunction was sought, the appropriate classification of the case as a miscellaneous or civil action, and the legal basis (if any) for keeping the matter under seal. Dkt. 4 at 4.

ICE filed the required motion on May 3 (Dkt. 5) and asked the Court to extend the involuntary medical intervention until Prins ended his hunger strike. *Id*. at 7. On the Court's initial review of ICE's May 3 motion (Dkt. 5) and accompanying medical declaration (Dkt. 6), it found there were sufficient grounds for temporarily extending the injunction pending further review of ICE's briefing and appointment of counsel for Prins. On May 15, 2024, ICE moved to expand the injunctive relief to include involuntary administration of intravenous fluids with saline solution based on the results of Prins's medical tests. Dkt. 12 at 1, 3; Dkt. 13 at 2. The Court found there were sufficient grounds to temporarily authorize ICE to administer involuntary

intravenous fluid hydration to Prins. *See* Dkt. 13 at 2–3.

Meanwhile, the Court had appointed Rhys M. Farren as pro bono counsel for Prins on May 9, 2024, *see* Dkt. 9, and held a status conference with all counsel on May 17 where the parties agreed to unseal this case and to agree on a briefing and hearing schedule by May 22. Dkt. 16. On May 22, 2024, the Court set a May 31 deadline for the parties' briefing on ICE's injunction. Dkt. 20.

On May 28, 2024, ICE submitted a medical status report and declaration of its medical director attesting that Prins "will no longer be considered [as] being on hunger strike" because he has demonstrated adequate caloric and fluid intake. *See* May 28, 2024 Declaration of Dr. Eddie Wang; May 28, 2024 Medical Status Report ("Dr. Wang opines that it is no longer medically necessary for Mr. Prins to have involuntary assessments, lab draws, and intravenous fluids."). ICE additionally moved to vacate the temporary injunctive relief entered by the Court and gave notice it was voluntarily dismissing this case under Federal Rule of Civil Procedure 41.

### III.  DISCUSSION

**A.  Going forward, involuntary medical interventions for civil detainees should be litigated as civil (not miscellaneous) actions.**

Pursuant to the Court's previous order (Dkt. 4), the United States Attorney for the Western District of Washington reviewed its policy for filing requests for medical monitoring and treatment of hunger striking ICE detainees as miscellaneous actions. *See* Dkt. 5 at 7–8. After consultation with other U.S. Attorney's offices and the Department of Justice's Office of Immigration Litigation, the United States Attorney in this District has decided that future medical monitoring and treatment cases for civil detainee hunger strikers will be filed as civil rather than miscellaneous actions. *Id.*

The Court agrees that such cases are correctly classified as civil actions. The history of

similar matters in this District being classified as miscellaneous cases is due only to past practice and is not grounded in any rule, regulation, statute, or court decision. Motions seeking permission for involuntary medical treatment, hydration, or feeding of a prisoner or detainee require the Court to weigh the Government's interests in providing life-sustaining treatment to those in its custody against the detainee's fundamental rights to bodily autonomy and integrity. These questions go far beyond the type of minor and administrative matters typically classified as miscellaneous cases. *See Rytlewski v. Gov't of United States*, No. 20-CV-8543 (LLS), 2020 WL 6586373, at *2 (S.D.N.Y. Nov. 9, 2020) (holding that classification as a miscellaneous action was inappropriate where a deprivation of rights by the United States government is alleged and no administrative guidance calls for such classification); *see also In re Bahadur*, 441 F. Supp. 3d 467, 471 (W.D. Tex. 2020) ("[W]ithout a pending civil or criminal action involving Respondent, the Government may only properly file the instant matter as a civil action for the relief it seeks.").

**B.      This case should be unsealed.**

ICE filed this action under seal (*see* Dkt. 1) and requested that the case remained sealed. Dkt. 5 at 8. Following the Court's appointment of counsel for Prins (Dkt. 9), and his expression at the parties' May 17, 2024 status conference that Prins would like his case made public, ICE agreed to instead propose redactions to existing filings to protect Prins's private medical information but to otherwise unseal this case. *See* Dkt. 16. The parties submitted those proposed redactions for the Court's in camera review before ICE moved to vacate the injunctive relief and voluntarily dismiss the case.

The Ninth Circuit requires strict standards to be met to seal court records and there is a "strong presumption in favor of [public] access." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) ("The party [seeking to seal records must] articulate compelling

ORDER UNSEALING CASE AND VACATING TEMPORARY INJUNCTION - 4

reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." (cleaned up, internal citations omitted)). And while medical privacy can justify sealing specific medical records or private health information, it is not generally a basis for sealing an entire case file. *See Chester v. King*, No. 116CV01257DADGSAPC, 2019 WL 5420213, at *2 (E.D. Cal. Oct. 23, 2019) (collecting cases).

The public has a strong interest in access to court records concerning the conditions of confinement and treatment of detainees at ICE facilities in Washington. These facilities are the subject of ongoing litigation in this district as well as frequent media coverage. *See, e.g.*, *Washington v. GEO Grp., Inc.*, 283 F. Supp. 3d 967, 978–82 (W.D. Wash. 2017) (finding ICE's failure to observe Washington minimum wage standards for its detainees threatened the "health and well-being—both physical and economic—of its residents"); *GEO Grp.*, *Inc. v. Inslee et al*, No. 3:23-cv-05626-BHS (W.D. Wash. Jul. 13, 2023) (concerning Washington state health inspection of in-state ICE facility); *see also, e.g.*, Nina Shapiro, *ICE releases report on Tacoma detainee death but leaves out key detail*, SEATTLE TIMES, (Apr. 25, 2024, 6:00 AM), https://www.seattletimes.com/seattle-news/law-justice/ices-tacoma-detention-center-death-report-doesnt-answer-main-question/.

When an entire case file is sealed, that case cannot be searched for or accessed by the public through the Court's electronic case filing system. Nor can the public receive notice of hearings in those cases through the Court's public calendar. There is no compelling reason for this level of secrecy in matters of significant public interest when a detainee's medical information can instead be protected through redactions and the sealing of specific records.[1] *See*

---

[1] Cases involving involuntary medical intervention and treatment of civil detainees may also meet the standard for nondisclosure of the detainee's identity. *See Advanced Textile Corp.*, 214

*e.g. Kamakana*, 447 F.3d at 1178. The public should have access to these records so that it may understand and scrutinize both the actions of the executive branch in responding to hunger strikes at detention facilities and the Court's role in authorizing or prohibiting those actions. Although ICE has now filed a notice of voluntary dismissal, because the parties had previously agreed to unseal the case—and because there was never a legal basis for sealing it in the first place—the Court directs the Clerk's office to unseal the case file as set forth in the conclusion of this Order.

**C.    The injunction for medical intervention is vacated.**

On May 28, 2024, ICE submitted a medical status report and declaration of its medical director attesting that Prins "will no longer be considered [as] being on hunger strike" because he has demonstrated adequate caloric and fluid intake. *See* May 28, 2024 Declaration of Dr. Eddie Wang; May 28, 2024 Medical Status Report. ICE moved to vacate the Court's previous entry of temporary injunctive relief. *See* Dkt. 22.

Because Prins is no longer on hunger strike and medical interventions are no longer necessary to prevent harm to Prins's health, the temporary injunctive relief ordered by the Court (*see* Dkt. 4, 8, 14) is VACATED, and the pending motions for injunctive relief (Dkt. 5, 12) are DENIED as moot.

### IV.    CONCLUSION AND ORDER

Accordingly, for the reasons discussed above, the Court ORDERS that:

---

F.3d 1058, 1067–68 (9th Cir. 1999) (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981)) ("Many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when nondisclosure of the party's identity 'is necessary to protect a person from harassment, injury, ridicule or personal embarrassment.'" (cleaned up)). In this case, however, Prins has asked that his name be made public.

ORDER UNSEALING CASE AND VACATING TEMPORARY INJUNCTION - 6

- ICE's May 28, 2024 motion (Dkt. 22) is GRANTED, the temporary injunctive relief ordered by the Court (*see* Dkt. 4, 8, 14) is VACATED, and the pending motions for injunctive relief (Dkt. 5, 12) are DENIED as moot.

- The Clerk shall SEAL the individual unredacted docket entries at Dkt. 1, 1-1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 10-1, 12, 12-1, 13, 14, 17, and 18.

- The Clerk shall provisionally SEAL the filings from ICE received on May 28, 2024.

- After sealing those individual docket entries, the Clerk shall UNSEAL the case file.

- After the case file is unsealed, the parties are directed to file on the public docket their redacted versions of the docket entries originally at Dkt. 1, 1-1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 10-1 12, 12-1, 13, 14, 17, and 18.

- Counsel for Prins is directed to inform the Court whether Prins will move to seal or redact ICE's filings from May 28, 2024, or whether those filings may be unsealed.

- The Clerk is directed to email a copy of this Order to all counsel.

- After the case is unsealed as directed above, given the Government's notice of voluntary dismissal, the Clerk may close this case.

Dated this 29th day of May, 2024.

Tiffany M. Cartwright
United States District Judge